Copies Mailed/Faxed   1-5-24
Chambers of Vincent L. Briccetti   OK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA   :
                          :   **ORDER**
v.                        :
                          :   20 CR 517-2 (VB)
DORIAN BYRD,              :   21 CR 441-2 (VB)
         Defendant.       :
------------------------------------------------------x

       On January 3, 2022, defendant Dorian Byrd was sentenced principally to a term of imprisonment of 132 months on his guilty plea to conspiracy to commit Hobbs Act robbery and Hobbs Act robbery (Counts One and Two, respectively, of Indictment 20 CR 517-2) (the "Hobbs Act counts"), and brandishing a firearm during and in relation to a crime of violence (Count Three of Indictment 21 CR 441-2) (the "firearms count"). Specifically, the Court imposed 48 months' imprisonment on the Hobbs Act counts, to run concurrently with each other, and 84 months' imprisonment on the firearms count, to run consecutively to the sentence imposed on the Hobbs Act counts.

       The applicable sentencing guidelines range on the Hobbs Act counts was 108-135 months' imprisonment, based on a final offense level of 29 and a criminal history category of III, and the applicable sentencing range on the firearms count was 84 months' imprisonment. Because the sentence on the firearms count had to run consecutively to the sentence imposed on the Hobbs Act counts, the effective sentencing range was 192-219 months' imprisonment.

       The Bureau of Prisons projects that defendant will be released from prison on January 10, 2030.

       As pertinent here, in Amendment 821 to the U.S. Sentencing Guidelines, the Sentencing Commission amended Section 4A1.1 of the Guidelines by reducing from two to one the number of criminal history points added for offenders who committed the instant offense while under any criminal justice sentence, and by limiting this provision to defendants who received seven or more criminal history points. The Commission made these amendments retroactive effective November 1, 2023.

       In light of Amendment 821, defendant has moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. #133 in 20 CR 517-2 and Doc. #255 in 21 CR 441-2). The Probation Department has issued a report indicating defendant is eligible for a reduction, finding that defendant's amended sentencing range is 97-121 months' imprisonment on the Hobbs Act counts, plus 84 months' imprisonment on the firearms count, such that the amended effective sentencing range is 181-205 months' imprisonment.

       Pursuant to the standing order of the Chief Judge of this District, the Federal Defenders of New York is hereby appointed to represent defendant in the Court's consideration of whether defendant's sentence should be modified in light of Amendment 821.

Accordingly, it is hereby ORDERED that by no later than January 25, 2024, the government shall file a statement of its position on the motion for reduction of sentence, and by no later than February 15, 2024, defense counsel shall file a response, if any.

The motion will be resolved on the parties' written submissions, unless otherwise ordered by the Court.

Chambers will mail a copy of this Order to defendant at the following address:

Dorian Byrd, Reg. No. 06420-509
FCI Beckley
Federal Correctional Institution
P.O. Box 350
General & Legal Mail
Beaver, WV  25813

Chambers will also email a copy of this Order to Jennifer Brown, Esq., Federal Defenders of New York.

Dated: January 4, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge